**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John Frederick FARINAS,
Defendant–Appellant.**

No. 03–10674.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 7, 2004.*

Decided Oct. 14, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Andrew Pacheco, United States Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Charles M. McNulty, Esq., Phoenix, AZ, for Defendant–Appellant.

Before: RYMER, TALLMAN, and BEA, Circuit Judges.

### MEMORANDUM **

John F. Farinas appeals his conviction for violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Felon in Possession of a Firearm. Farinas argues that the district court erred in denying his motion to suppress because the search warrant affidavit was a "bare bones" affidavit that failed to contain sufficient particularized facts. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

We review the district court's denial of a motion to suppress evidence seized in a search de novo. *See United States v. Murillo,* 255 F.3d 1169, 1174 (9th Cir.2001). The determination of probable cause in issuing a warrant will not be reversed

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

absent a finding of clear error. *See United States v. Gil,* 58 F.3d 1414, 1418 (9th Cir.1995).

The district court did not err by denying the motion to suppress because the magistrate "had a 'substantial basis for ... conclud[ing]' that probable cause existed." *Illinois v. Gates,* 462 U.S. 213, 238–39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1984); *United States v. Bertrand,* 926 F.2d 838, 841 (9th Cir.1991). FBI Special Agent Manuel Zappata, Jr.'s affidavit established the reliability of confidential informants (CI) 1, 2, and 3: CI–1 had provided reliable information for six months; CI–2 provided reliable information on one occasion and CI–2's statements were corroborated by independent police investigation; and CI–3 had provided reliable information for ten months. *See United States v. Angulo–Lopez,* 791 F.2d 1394, 1397 (9th Cir.1986) (explaining the number of ways an "informant's veracity or trustworthiness may be established").

Information provided by these informants and produced through the police investigation showed that CI–1 had seen Farinas carrying a gun; Farinas advised CI–1 that he had other firearms stored at his residence; on October 19, 2002, Farinas showed CI–2 where he stored one of his guns in his residence and CI–2 observed Farinas place the weapon and bullets on top of a dresser in Farinas's bedroom; and Farinas told CI–3 that Farinas could provide CI–3 with weapons during a series of phone calls in August 2002. In addition, based on Zappata's training and experience, the experience of the FBI Violent Street Gang Task Force, and the investigation of the New Mexican Mafia (EME), Zappata identified Farinas as a member of the EME, which is a gang that routinely possesses firearms, ammunition, firearm paraphernalia, documentation of the acquisition and ownership of these items at their residence, photographs de-picting the possession of firearms, and written correspondence describing their weapons. *See Gil,* 58 F.3d at 1418 (stating that a magistrate is entitled to consider the training and experience of law enforcement officers).

Farinas does not challenge the district court's conclusion that the exception for good faith reliance on a facially valid search warrant applies under *United States v. Leon,* 468 U.S. 897, 920–23, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

AFFIRMED.

